Stuart M. Price (SBN:150439)
**Price Law Group, APC**
6345 Balboa Blvd. Suite 247
Encino, CA 91316
T: (818) 205-2466
E: Stuart@pricelawgroup.com
Attorney for Plaintiff,
*Benjamin Martinez*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BENJAMIN MARTINEZ,

    Plaintiff,

v.

OPTIO SOLUTIONS, LLC, dba QUALIA COLLECTION SERVICES

    Defendant.

Case No. 2:18-cv-00311

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227
2. FDCPA, 15 U.S.C. § 1692
3. RFDCPA, Cal. Civ. Code § 1788 *et seq.*
4. Violation of Right of Privacy (Intrusion)

(Unlawful Debt Collection Practices)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Benjamin Martinez ("Plaintiff"), through his attorneys, alleges the following against Optio Solutions, LLC, dba Qualia Collection Services ("Qualia"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

4. Count IV of Plaintiff's Complaint is based upon Plaintiff's reasonable expectation of privacy. He reasonably believed his privacy was safe and protected.

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

9. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

13. Defendant is a financial institution with its principal place of business located in Petaluma, CA. Defendant can be served with process through its designated agent, Christopher Schumacher, at 1444 N. McDowell Blvd., Petaluma, CA 94954.

14. Defendant acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

15. Defendant is attempting to collect an alleged debt from Plaintiff.

16. In or around February 2017, Defendant began placing calls to Plaintiff's cellular phone number (323) 678-2928, in an attempt to collect an alleged debt originating with Kohl's.

17. The calls placed by Defendant originated from (800) 398-6146. Upon information and belief, that phone number is owned or operated by Defendant.

18. On or about February 3, 2017 at 12:58 p.m., Plaintiff answered a call from Defendant originating from (800) 398-6146. Plaintiff heard a pause before a collection agent began to speak, indicating the use of an automated telephone dialing system.

19. Plaintiff spoke with Defendant's representative, and Defendant's agent informed Plaintiff that it was attempting to collect a debt. During that call, Plaintiff unequivocally revoked consent to be called any further.

20. Despite Plaintiff's request, Defendant continued to place calls to Plaintiff's cellular phone, sometimes three times a day.

21. On February 2, 2017, Plaintiff received a phone call from Defendant originating from (800) 398-6146. The call came in at 12:40 a.m., after midnight.

22. On March 9, 2017, Plaintiff received three phone calls from Defendant all originating from (800) 398-6146 at 11:49 a.m., 5:51 p.m., and 6:28 p.m.

23. Including, but not limited to the following dates, Defendant placed phone calls to Plaintiff's cellular phone: March 6, March 13, March 14, March 15, March 16, and March 21, 2017.

24. Between February 3, 2017 and March 25, 2017, Defendant called Plaintiff's cellular telephone no less than forty-five (45) times after Plaintiff unequivocally revoked consent to be contacted.

25. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

26. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

27. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

28. Defendant attempted to predict when Plaintiff was available by calling him at 12:50 p.m. (February 14, 2017), 12:37 p.m. (February 17, 2017), 12:22 p.m. (February 22, 2017), 12:26 p.m. (February 23, 201), 12:44 p.m. (February 28, 2017), and 12:45 p.m. (March 1, 2017).

29. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

30. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain, and anguish.

31. Plaintiff is employed as a crane driver and works nights. Plaintiff sleeps during the day and sometimes does so with his grandson that he helps take care of.

32. Defendant's calls would often times wake them up during their sleep.

33. Defendant's conduct induced stress, anxiety, and embarrassment in his daily routines and duties.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff on Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

36. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of

up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### (Violations of the FDCPA, 15 U.S.C. § 1692)

37. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

38. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

39. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

40. Defendant violated 15 U.S.C. § 1692d(5), by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the person at the called number.

41. Defendant violated 15 U.S.C. § 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

42. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## COUNT III

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

44. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45. Defendant violated the RFDCPA. Defendants violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b. Defendant violated Cal. Civ. Code § 1788.17(e) by "communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances."

    c. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendants violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

46. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **COUNT IV**

48. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and unwarranted and unjustified.

50. Specifically, Defendant called Plaintiff in a frequent and daily manner with intent to harass his privacy. Defendant was on notice that Plaintiff could not receive

calls and ignored the request by continuing to bother and harass him and called multiple times per day while he and his grandson were sleeping.

51. As a result, Plaintiff suffered injury as a proximate cause of such intrusion.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Benjamin Martinez respectfully requests judgment be entered against Defendant, Qualia, for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Declaratory judgment that Defendant violated the FDCPA;

C. Declaratory judgment that Defendant violated the RFDCPA;

D. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

E. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

F. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

G. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

H. Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

I. Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

J. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

K. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

L. Any other relief that this Honorable Court deems appropriate.

| | |
|---|---|
| Dated: January 12, 2018 | RESPECTFULLY SUBMITTED, |
| | By: */s/ Stuart Price* |
| | Stuart M. Price, Esq. |
| | 6345 Balboa Blvd. Suite 247 |
| | Encino, CA 91316 |
| | T: (818) 205-2466 |
| | Stuart@pricelawgroup.com |
| | Attorneys for Plaintiff |
| | *Benjamin Martinez* |