David J. Kaminski (SBN 128509)
KaminskiD@cmtlaw.com
Alex A. Wade (SBN 304022)
wadea@cmtlaw.com
**CARLSON & MESSER LLP**
5901 W. Century Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

*Attorneys for Defendant,*
OPTIO SOLUTIONS, LLC dba QUALIA COLLECTION SERVICES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN MARTINEZ,<br><br>  Plaintiff,<br><br>  vs.<br><br>OPTIO SOLUTIONS, LLC, dba QUALIA COLLECTION SERVICES<br><br>  Defendant. | CASE NO. 2:18-cv-00311-GW-E<br><br>**ANSWER TO COMPLAINT** |

COMES NOW Defendant OPTIO SOLUTIONS, LLC DBA QUALIA COLLECTION SERVICES (hereinafter "Defendant"), by and through its counsel of record hereby answers Plaintiff's Complaint, brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA") and for

Violation of Right of Privacy (Intrusion) of Plaintiff BENJAMIN MARTINEZ ("Plaintiff"), by admitting, denying and alleging as follows:

## INTRODUCTION

1.　Paragraph 1 of the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

2.　Paragraph 2 of the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

3.　Paragraph 3 of the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

4.　Paragraph 4 of the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

## JURISDICTION AND VENUE

5.　Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

6.　Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

7. Defendant admits that it transacts business in California. Defendant denies the remaining allegation in Paragraph 7 of Plaintiff's Complaint, which constitutes a legal conclusion.

## PARTIES

8. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and thereby denies them for the present time.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint, which lack foundation and constitute legal conclusions.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint, which lack foundation and constitute legal conclusions.

13. Defendant admits that it is located in Petaluma, CA. Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint, which do not contain any affirmative allegations against Defendant and are vague, ambiguous, lack foundation and constitute legal conclusions.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint, which lack foundation and constitute legal conclusions.

## FACTUAL ALLEGATIONS

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of the Complaint, and thereby denies them at the present time.

17. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 17 of the Complaint, and thereby denies them at the present time.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 22 of the Complaint, and thereby denies them at the present time.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint, and thereby denies them at the present time.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Paragraph 25 of the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

26. Paragraph 26 of the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

27. Paragraph 27 of the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 the Plaintiff's Complaint does not contain any affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies same.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

## COUNT I
### (Violation of the TCPA, 47 U.S.C. § 227)

34. Defendant incorporates by reference Paragraphs 1-33 above.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

## COUNT II
### (Violations of the FDCPA, 15 U.S.C. § 1692)

37. Defendant incorporates by reference Paragraphs 1-36 above.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.

## COUNT III

### (Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)

44. Defendant incorporates by reference Paragraphs 1-43 above.

45. Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations in Paragraph 47 of Plaintiff's Complaint.

## COUNT IV

48. Defendant incorporates by reference Paragraphs 1-47 above.

49. Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

52. Defendant denies the relief requested by Plaintiff in unnumbered

paragraphs A-L following Paragraph 51.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. Plaintiff' Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant is informed and believes and based thereon alleges that Plaintiff' Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

3. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged there against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with

respect to the events upon which the Complaint and purported causes of action allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE
## (Compliance with Statute)

6. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## SEVENTH AFFIRMATIVE DEFENSE
## (Actions Were Proper)

7. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any law, including provisions of 47 U.S.C. § 227, *et seq.,* 15 U.S.C. § 1692 *et seq.*, and Cal. Civ. Code § 1788 *et seq.*

## EIGHTH AFFIRMATIVE DEFENSE
## (No Intentional or Reckless Conduct)

8. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
## (No ATDS or Artificial or Prerecorded Voice)

9. As a separate, affirmative defense, Defendant asserts that any alleged calls by Defendant to Claimant were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

## TENTH AFFIRMATIVE DEFENSE
## (Laches)

10. Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

## (Prior Express or Implied Consent)

11. As a separate, affirmative defense, Defendant asserts that it had consent to call the phone number at-issue, either via prior express consent or implied consent.

## TWELFTH AFFIRMATIVE DEFENSE

## (No Revocation)

12. As a separate, affirmative defense, Defendant alleges that Plaintiff never revoked consent to call the phone number at-issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

## (No Proximate Cause)

13. As a separate, affirmative defense, Defendant alleges that Plaintiff' claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Conduct of Third Parties)

14. As a separate, affirmative defense, Defendant alleges that Plaintiff' claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Lack of Standing)

15. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring an action.

///
///
///
///

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance)

16. As a separate, affirmative defense, Defendant asserts it substantially complied with the requirements of the statutes at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

17. As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Offset)

18. Any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Reasonableness and Good Faith)

19. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to this answering Defendant. Accordingly, Plaintiff are barred from any recovery in this action.

## TWENTITH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

20. As a separate, affirmative defense, assuming arguendo that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide

error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Legitimate Business Purpose)

21. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith relief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (TCPA, FDCPA and RFDCPA Damages are Limited)

22. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3), 15 U.S.C. § 1692k(b)(1), and 47 U.S.C. § 227.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Damages Not Specific)

23. Plaintiff's Complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

///
///
///

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Defendant OPTIO SOLUTIONS, LLC DBA QUALIA COLLECTION SERVICES demands a jury trial in this case.

**CARLSON & MESSER LLP**

DATED: February 20, 2018          By: /s/Alex A. Wade
                                       David J. Kaminski
                                       Alex A. Wade
                                       *Attorneys for Defendant,*
                                       OPTIO SOLUTIONS, LLC dba
                                       QUALIA COLLECTION
                                       SERVICES

## **CERTIFICATE OF SERVICE**

I, Alex A. Wade, hereby certify that on February 20, 2018, a true and correct copy of the foregoing ANSWER TO COMPLAINT was served via the District Court ECF on the Following:

Email: stuart@pricelawgroup.com

**CARLSON & MESSER, LLP**

Dated: February 20, 2018          By:/s/ Alex A. Wade
                                  David J. Kaminski
                                  Alex A. Wade
                                  *Attorneys for Defendant*
                                  OPTIO SOLUTIONS, LLC dba QUALIA COLLECTION SERVICES